IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIX LEYVA, JR., ID # 458196,            ) | |
|       Petitioner,                                         ) | |
| vs.                                                          ) | No. 3:09-CV-1414-L-BH |
|                                 ) | |
| NATHANIEL QUARTERMAN, Director,    ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal                   ) | |
| Justice, Correctional Institutions Division, ) | |
|       Respondent.                                     ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the calculation of time credits applied to his thirty-year sentence imposed in July 1987 for a Medina County burglary (Cause No. 04-89-5983-1-CR).[1]  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In July 1987, petitioner pled guilty to burglary, and was sentenced to thirty years imprisonment.  (Pet. Writ of Habeas Corpus (Pet.) at 2.)  He did not appeal that conviction.  (*Id.* at 3.) Although he has challenged the calculation of his time credits in a state habeas application (*see id.*

---

[1] The full cause number and county of conviction is identified on the official web site for the Texas Court of Criminal Appeals.  *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=267459 (accessed July 31, 2009) [hereinafter CCA Web Site].  Although Medina County is in the San Antonio Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(4), this Court has jurisdiction over this action based on petitioner's current incarceration in this district.  *See* 28 U.S.C. § 2241(d); *In re Green*, 39 F.3d 582, 583-84 (5th Cir. 1994).  The Court could transfer this federal habeas challenges to the court of conviction pursuant to 28 U.S.C. § 1404(a) when such transfer is in the interests of justice because the time-credit calculation specifically relates to petitioner's conviction.  However, the interests of justice do not warrant transfer here given the clear non-exhaustion of state remedies.

¶ 11), the Texas Court of Criminal Appeals dismissed that application because petitioner had failed to comply with Tex. Gov't Code § 501.0081, *see* CCA Web Site (following links to disposition).

On July 30, 2009, the Court received his federal petition. (Pet. at 1.) Petitioner complains that the State has failed to give him sufficient time credit towards his forty-year sentence. (*Id.* at 7.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief, unless "there is an absence of available State corrective process; or . . . "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters*, 985 F.2d at 795.

As of January 1, 2000, Texas inmates must generally pursue sentence credit issues through a dispute-resolution process within the prison system before seeking relief through the state habeas process. *See* Tex. Gov't Code § 501.0081 (Vernon 2004). A Texas inmate is exempt from this process only when the inmate "is within 180 days" of release. *See id.* After completion of the dispute-resolution process or upon being exempted from such completion, the inmate must also pursue relief through the state habeas process to fully exhaust his state remedies. *Id.*; *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (Cochran, J., concurring).

2

In this case, petitioner presented a state writ to the Texas Court of Criminal Appeals related to the calculation of his time credits. That court dismissed the writ for failure of petitioner to comply with Tex. Gov't Code § 501.0081. To exhaust state remedies, petitioners must present their claims in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

The Texas Court of Criminal Appeals has had no meaningful opportunity to review petitioner's challenges to his sentence credit calculation because petitioner failed to pursue the administrative remedies accorded by Tex. Gov't Code § 501.0081. Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to relief for failure to exhaust his state remedies.

3

### III.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

### IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 31st day of July, 2009.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE