IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FELIX LEYVA, JR., # 458196**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-1414-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed July 31, 2009. Petitioner timely filed objections on August 11, 2009.

This is a habeas petition brought pursuant to 28 U.S.C. § 2254. The magistrate judge determined that the petition should be dismissed without prejudice due to Petitioner's failure to exhaust his state remedies.

Petitioner objects to the magistrate judge's findings and conclusions. He contends that exhaustion of his claims is not required because he is within 180 days of his release, citing section 508.0081(c) of the Texas Government Code. While Petitioner filed his petition for habeas corpus within 180 days of his "minimum expiration date" of December 16, 2009, his state habeas petition was dismissed for failure to comply with section 508.0081. Even if a prisoner is within 180 days of his release, this section of the Texas Government Code only exempts him from complying with the prison's dispute resolution process regarding time-served credits; it does not preclude the need for state habeas review. Tex. Gov't Code § 508.0081(c) ("An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by

Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application."). There has been no state habeas review of Petitioner's claim; thus it remains unexhausted. The court **overrules** Petitioner's objection.

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and are **accepted** by the court. The court **dismisses** Petitioner's habeas petition **without prejudice**.

**It is so ordered** this 31st day of August, 2009.

Sam A. Lindsay
United States District Judge

**Order – Page 2**